**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **v.**                                    **Criminal Action No. 2:12CR38**

**PATRICK CRITES,**
                **Defendant.**

## <u>ORDER/OPINION REGARDING PLEA OF GUILTY</u>

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Patrick Crites, in person and by counsel, Brian J. Kornbrath, appeared before me on February 7, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant intended to plead guilty to the one-count Indictment, and that there was no plea agreement between the defendant and the government.

The Court thereafter inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written

waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Patrick Crites, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed the Indictment with Defendant including the elements the United States would have to prove regarding the charge against him of knowingly transmitting threatening communications in interstate commerce, in violation of Title 18, United States Code, Section 875(c).

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge against him contained in the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty to that charge was a term of imprisonment of not more than five (5) years; a fine of $250,000.00, or both fine and imprisonment; a term of supervised release; and a mandatory assessment of $100.00. He also understood his sentence could be increased if he had certain prior criminal offenses.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory.

The Court then inquired of Defendant regarding his understanding of his rights of appeal as follows:

Ct:     Did you and Mr. Kornbrath discuss that, even though you plead guilty, even though the judge will sentence you some six to eight weeks from now, you have a right to appeal that sentence to the Fourth Circuit Court of Appeals provided that you file that within 14 days of the District Judge's announcement of that sentence against you?

Def:    Yes.

Ct:     Did you also understand from your discussions with Mr. Kornbrath that you might collaterally attack or challenge your sentence by filing a motion under 28 USC Section 2255, which is commonly called a habeas corpus-type motion?

Def:    Yes.

The Court then inquired and determined Defendant understood that neither he nor his counsel could be absolutely certain what his term of imprisonment would be, except that it would be within the statutory maximum. Defendant further understood that even if the District Judge sentenced him to a sentence higher than he expected within the statutory maximum sentence he would not be permitted to withdraw his guilty plea.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant Patrick Crites, with the consent of his counsel Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one count Indictment.

At this point in the hearing, the Court would normally hear the testimony of a witness to support an independent basis in fact concerning each of the essential elements of the charged offense. In this case, the parties had agreed to support this independent basis through proffer on the record in lieu of witness testimony. The undersigned inquired of Defendant and his counsel, and both agreed to proceed in this manner. The undersigned finds Defendant's agreement was knowingly, freely, and voluntarily made after consultation with his attorney.

The AUSA appearing then stated that:

On November 29, 2012, the Secret Service Protective Intelligence Division contacted the Charleston resident Secret Service Office to advise that on November 28th, 2012, the White House received a communication appearing to be from West Virginia, an email from a person identifying himself as Patrick Crites and using the email address PatrickCrites@Yahoo.com, who sent an email to the White House which stated: "I'm gonna shoot you bastards." The email was traced to Mr. Crites' email, stated above, and was traced to a particular IP address, which traced to the Moorefield Public Library in Hardy County, West Virginia. On December 3, 2012, Special Agents from the Secret Service traveled to Hardy County seeking to interview Mr. Crites, locating him at his sister's residence in Moorefield. Mr. Crites agreed to be interviewed by the Agents, and immediately informed the Agents that he knew they were there because of the email he had sent to the White House. He said he sent the email because he was just "pissed off" and was " having a bad day" when he sent it. Crites advised that he sent the email from the local library to keep anyone from coming to his sister's house. He denied any interest in assassination, stating several times that if he could just get out of West Virginia and on his own, things would get better for him.

The defendant stated he heard, understood, and agreed with the AUSA's proffer regarding the offense charged The undersigned finds the offense charged in the one-count Indictment is

supported by an independent basis in fact concerning each of the essential elements of the offense. This conclusion is supported by the proffer of the AUSA.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charge against him; Defendant understood the consequences of his plea of guilty to the one-count Indictment; Defendant made a knowing and voluntary plea of guilty to the one-count Indictment; and Defendant's plea is independently supported by the proffer made by the AUSA in open court, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled Guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the one-count Indictment and recommends he be adjudged guilty on said charge and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to an Order Setting Conditions of Pretrial Release previously entered in this matter, pending further proceedings.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: February 8, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE